Thomas C. Remsen, J.
On December 4, 1974, Officer Bruni filed a misbehavior report against petitioner, George Bradley, for failure to follow or comply with a direct order. To wit, "for refusing to go to the yard from the mess hall after noon meal”. On December 5, 1974, the petitioner appeared before the Time Allowance Committee and at that proceeding the petitioner was informed of the result of the Time Allowance Committee’s determination to disallow 30 days good time and fixed the conditional release date at April 24, 1975, instead of March 24,1975.
*241 At the meeting of December 5, 1974, petitioner refused to sign the good behavior allowance report and also refused to sign the good behavior allowance sheet accepting the new conditional release date. As a result of the refusals to sign, at least as far as the testimony went, petitioner was ordered keep-locked or returned to his cell.
On December 6, 1974, petitioner was called before the Adjustment Committee and as a result of that hearing the reports of December 4 and December 5 were reviewed, and the petitioner was transferred to idle company seven days keep-lock from December 6,1974.
As a result of these transgressions and subsequent transgressions Bradley was retained in keep-lock until conditional release by this court on December 31, 1974.
It is apparent from the testimony, one, that petitioner received no advance written notice of charges to be considered 24 hours before the hearing, before an impartial tribunal; two, that no written statement of the evidence relied upon and the reason for the disciplinary action was given to petitioner; three, nor that the petitioner would be allowed to present documentary evidence in his defense, and to call witnesses, if permitting him to do so would not jeopardize institutional safety or correctional goals; four, whether or not he needed assistance because of the nature of the charges or complicity of the problem and petitioner’s lack of education.
It does appear from the results of the committee’s meetings they were all definitely disciplinary, particularly if we look at the punishment. The courts have held that any classification which imposes a substantial adverse change in the conditions of confinement because of specific prior conduct is disciplinary and subject to minimum standards of due process imposed by Wolff v McDonnell (418 US 539).
I, therefore, hold the hearings of the Time Allowance Committee and Adjustment Committee held at Great Meadow Correctional Facility are disciplinary in nature and come within the purview of the Wolff case.
It is not, however, the business of the court to substitute its judgment for that of the facility’s officials, so long as these officials act within the broad parameters of procedural due process.
Let order enter accordingly, declaring the Time Allowance Committee hearing of December 5, 1974 and all subsequent *242 Adjustment Committee hearings to have failed to comply with the minimal procedural due process.